**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | | |
|---|---|---|
| Alan Burks, et al., | ) | |
|     *Plaintiffs-Appellees*, | ) | |
| | ) | |
| Randolph Delbert Nantz, | ) | |
|     *Plaintiff-Appellant*, | ) | |
| | ) | |
| v. | ) | Case No. 25-7118 |
| | ) | |
| Islamic Republic of Iran, et al., | ) | |
|     *Defendants-Appellees*. | ) | |
| | ) | |

## <u>MOTION TO GOVERN FUTURE PROCEEDINGS</u>

Plaintiff-Appellant Randolph Delbert Nantz respectfully moves the Court to continue the current abeyance for an additional 60 days. Plaintiff was unable to consult with opposing counsel as the Defendants-Appellees in this matter are in default below and have not entered an appearance in this appeal. In support of this motion, Randolph Nantz states as follows:

1.    On September 22, 2025, Nantz moved this Court to hold this Appeal in abeyance for 60 days, anticipating that during this period, "additional actions now pending before the U.S. District Court for the District of Columbia [would] be dismissed on the same basis that the District Court dismissed Plaintiff's claim [i.e. under this Court's ruling in *Eli Borochov, et al v. Islamic Republic of Iran*, CA No. 22-7058]." ECF. No. 2136264. The Court granted this motion, and directed Nantz to "file motions to govern future proceedings by 12/05/2025." ECF. No. 2139012.

2.      As anticipated, on September 25, 2025, thirty-one Plaintiffs in *Namig Baker v. Islamic Republic of Iran*, 22-cv-2765-BAH (D.D.C.)—whose claims were dismissed under *Borochov* on the basis that federal courts lack subject matter jurisdiction under 28 U.S.C. § 1605A over "attempted" extrajudicial killings—filed a notice of appeal to this Court. *See* Dkt. No. 2707144. Counsel for Randolph Nantz have conferred with counsel for the *Baker* plaintiffs, who (1) agreed to help identify other similarly-situated appellants over the coming months and (2) confirmed that legislative efforts—in addition to those of Plaintiff Nantz—are underway that might render moot the question before the Court in both matters.

3.      During the proposed extension, Counsel for Nantz will maintain their lookout for other *Borochov* dismissals, and obtain for the Court more concrete information on the legislative posture of the technical fix to § 1605A.

4.       Holding this appeal in abeyance will not prejudice Defendants, who have defaulted.

Respectfully Submitted,

/s/ Steven R. Perles_____
Steven R. Perles
Edward MacAllister
Joshua K. Perles
PERLES LAW FIRM, PC
816 Connecticut Ave, NW
12th Floor
Washington, DC 20006
December 5, 2025                          Telephone: 202-955-9055

# CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 303 words.

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Finally, I certify that on December 5, 2025, I electronically filed this document with the Court's CM/ECF system, which will serve each party's counsel of record.

Dated:  December 5, 2025                    /s/ Steven R. Perles
                                            *Counsel for Appellant*