# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| Alan Burks, et al., | ) | |
|     *Plaintiffs-Appellees*, | ) | |
| | ) | |
| Randolph Delbert Nantz, | ) | |
|     *Plaintiff-Appellant*, | ) | |
| | ) | |
|      v. | ) | Case No. 25-7118 |
| | ) | |
| Islamic Republic of Iran, et al., | ) | |
|     *Defendants-Appellees*. | ) | |
| | ) | |

## MOTION TO GOVERN FUTURE PROCEEDINGS

Plaintiff-Appellant Randolph Delbert Nantz respectfully moves the Court to continue the current abeyance until August 10, 2026 to correspond with the stay entered on February 10, 2026 in *Force v. Islamic Republic of Iran*, No. 16-cv-01468-RDM (D.D.C.). Plaintiff was unable to consult with opposing counsel as the Defendants-Appellees in this matter are in default below and have not entered an appearance in this appeal. In support of this motion, Randolph Nantz states as follows:

1.    On September 22, 2025, Nantz moved this Court to hold this Appeal in abeyance for 60 days, anticipating that during this period, "additional actions now pending before the U.S. District Court for the District of Columbia [would] be dismissed on the same basis that the District Court dismissed Plaintiff's claim [i.e. under this Court's ruling in *Eli Borochov, et al v. Islamic Republic of Iran*, CA No.

22-7058].” ECF No. 2136264. The Court granted this motion, and directed Nantz to “file motions to govern future proceedings by 12/05/2025.” ECF No. 2139012.

2.      On December 5, 2025, Plaintiffs filed that motion, identifying thirty-one other Plaintiffs whose claims were dismissed under *Borochov* and who had filed a notice of appeal to this Court. ECF No. 2148985. Plaintiffs additionally committed to “obtain for the Court more concrete information on the legislative posture of the technical fix to § 1605A.” *Id*. The Court continued the abeyance, and ordered Plaintiffs to file a motion to govern future proceedings by February 17, 2026. ECF No. 2150930.

3. The Plaintiffs in *Force v. Islamic Republic of Iran* also face dismissal of their claims under *Borochov*, though that matter was stayed in January 2025 with the warning that “a continuing stay in this long-pending matter is warranted only if Plaintiffs can offer some indication that relevant legislation is likely to be enacted in the foreseeable future.” Minute Order, No. 6-cv-01468-RDM (D.D.C) (Jan. 27, 2025). On February 4, counsel for the *Force* plaintiffs represented to the court that to his knowledge:

> at least four law firms which collectively represent hundreds of veterans affected by Borochov have been actively working with congressional offices to enact legislation resolving the Borochov issue, and I have made myself available to assist in that effort as needed. I have been provided with a copy of the draft legislation, and I am aware of actual meetings on Capital [sic] Hill that took place as recently as last week and this week, and this is an ongoing effort being spearheaded by very motivated players. Of course, enactment of new legislation by Congress does not proceed on a schedule with deadlines, and a proposal like this is more likely to be enacted as an amendment to a larger bill than to be enacted as a stand-alone act, and therefore it is likely to

> proceed on the schedule of whatever larger bill it gets attached to. That being said, the attorneys working on this lobbying effort whom I have spoken to feel that it is *not unreasonable to believe that Congress will act to resolve the Borochov issue before the end of this calendar year*.

ECF No. 143, No. 6-cv-01468-RDM (D.D.C).

4. On the basis of that representation, the *Force* court extended the stay until August 10, 2026 but warned that "absent some indication that Congress is likely to act, the Court will need to enter final judgment." Minute Order, No. 6-cv-01468-RDM (D.D.C) (Feb. 10, 2026).

5. Likewise, Plaintiff Nantz is conscious of this Court's likely reluctance to leave this matter in abeyance indefinitely. That said, it serves neither the interest of this Court nor the parties to brief an appeal whose legal framework is likely to shift mid-appeal. Should the Court grant Plaintiff Nantz's request to extend the abeyance, he will not move for further extension absent public "indication that Congress is likely to act," such as introduction of a statutory fix to the attempted extrajudicial killing lacuna identified by this court in *Borochov*.

6. Holding this appeal in abeyance will not prejudice Defendants, who have defaulted.

Respectfully Submitted,

/s/ Steven R. Perles_____
Steven R. Perles
Edward MacAllister
Joshua K. Perles
PERLES LAW FIRM, PC
816 Connecticut Ave, NW
12th Floor
Washington, DC 20006
February 17, 2026                Telephone: 202-955-9055

# CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 303 words.

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Finally, I certify that on December 5, 2025, I electronically filed this document with the Court's CM/ECF system, which will serve each party's counsel of record.

Dated:  <u>December 5, 2025</u>          <u>/s/ Steven R. Perles</u>
                                        *Counsel for Appellant*